# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TREMAIN V. SCOTT,**

                **Plaintiff,**

       **v.**                                   **CASE NO. 19-3054-SAC**

**RELAX INN,**

                **Defendant.**

## ORDER OF DISMISSAL

This matter is a civil action brought by a prisoner in federal custody. In an amended complaint filed on June 14, 2019, plaintiff sues the Relax Inn. He states that while he was a resident there in October 2017, a man knocked on his door and accused him of stealing his property. The two began to fight, and plaintiff was shot in the fracas.

On April 18, 2019, the Court granted plaintiff to and including May 6, 2019, to submit an initial partial filing fee. The Court later denied plaintiff's objection to that fee and extended the time for payment to and including June 10, 2019. Plaintiff did not submit the payment.

On May 24, 2019, plaintiff moved for leave to supplement or amend the complaint[1], and on June 14, 2019, he submitted the amended complaint. On June 19, 2019, the Court entered an order directing plaintiff to clarify on or before July 1, 2019, whether he sought the voluntary dismissal of this matter without prejudice. The order

---

[1] The motion states that plaintiff is pursuing requests under the Freedom of Information Act "from all Agencies" and asks that if the motion to supplement is denied that he be allowed to dismiss the case without prejudice. Because plaintiff did not respond to the Court's order of June 19, the Court will deny the motion but has considered the amended complaint filed as a separate document.

advised plaintiff that if he failed to respond, the Court would rule on the present record. Plaintiff did not respond.

### Discussion

The Court has conducted an initial review of the amended complaint. In order to avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, plaintiff fails to present a specific claim that states a plausible ground for relief, as he alleges only that he was shot at the Relax Inn. He has provided no explanation of how this event supports liability by the sole defendant, and the Court concludes this matter should be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 3 and 6) are denied.

IT IS FURTHER ORDERED plaintiff's motion to supplement/amend

(Doc. 10) is denied.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 23rd day of August, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge